IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


KRISTOPHER MICHAEL MORGAN                                    PLAINTIFF

            v.                    Civil No. 5:21-cv-05114

THERESA ROTHE, KCH;
JON BECKHAM, KCH;
SERGEANT SARAH SEARS;
JOLANA WILSON, KCH;
SYDNEY SIMMONS, KCH;
LIEUTENANT AMANDA ARNOLD;
CORPORAL TOM MULVANEY; and
CITY OF FAYETTEVILLE                                         DEFENDANTS


### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by Plaintiff, Kristopher M. Morgan ("Morgan"), pursuant to 42 U.S.C. § 1983. Morgan proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a). Pursuant to § 1915A(a), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

## I.  BACKGROUND

Morgan is currently housed in the Washington County Detention Center ("WCDC"). In claim one, Morgan alleges that since January of 2021, he has been denied adequate medical care by all Defendants, except the City of Fayetteville. (ECF No. 7 at 4). Without describing his

1

injuries in any way, Morgan alleges he suffers from pain due to "previous injuries." *Id.*  Morgan alleges he is being denied proper bedding to help him deal with the increase in pain he has been suffering from since his incarceration. *Id.*  Further, Morgan alleges he is being denied pain medication and his "mental medications are being changed every 14 to 30 days." *Id.*  Morgan asserts Theresa Rothe, Jon Beckham, Jolana Wilson, and Sydney Simmons have "repeatedly ignored" his multiple requests for a second mattress and/or for pain medication that "works." Further, he maintains he has been denied "basic mental" health counseling. *Id.* at 5.  Morgan alleges that since his incarceration he has developed hemorrhoids, is in constant pain from a pinched sciatic nerve, and has developed "severe social anxiety, PTSD,[1] paranoia, insomnia & depression." *Id.*

He has sued Defendants in both their individual and their official capacities.  (ECF No. 7 at 5).  When asked to describe the custom, policy, or practice that he believes caused the violation of his constitutional rights, Morgan responded: "Lack of medical protocols for previous injur[ies], lack of mental health medications & [counselors].  KCH staff ignoring repeated, requests for help w/ physical and mental pain." *Id.*

In claim two, Morgan alleges that from January through March of 2021, he was provided with an improper diet.  (ECF No. 7 at 6).  He names as having been involved in this constitutional violation all Defendants, except for the City of Fayetteville. *Id.*  He maintains the diet he was provided was not in compliance with nutritional guidelines. *Id.*  Morgan alleges he had requested a vegetarian diet but was "shorted" a protein making the diet protein deficient. *Id.*  Next, Morgan alleges that he was provided with an all starch no protein or vegetable diet. *Id.*  As a result of a

---

[1] Post-Traumatic Stress Disorder.

lack of essential vitamins and minerals, Morgan alleges he started feeling weak and dizzy.   *Id.*

When asked about his official capacity claim, Morgan replied that there was no nutritionist or dietician on staff.   (ECF No. 7 at 7).   Morgan alleges KCH "claims caloric intake instead." *Id.*   Further, Morgan alleges that KCH refused to provide him "paperwork on food values and nutritional values on diet trays."   *Id.*

In claim three, Morgan alleges that from January through June of 2021, there were no protocols for pain management for chronic preexisting injuries.   (ECF No. 7 at 7).   He names as having been involved in this constitutional violation all Defendants, except for the City of Fayetteville.   *Id.*   Morgan asserts that the only medication issued for pain management is Tylenol.   *Id.* at 8.   When asked about his official capacity claim, Morgan alleges he has been told repeatedly that there are no protocols for dealing with chronic pain management.   *Id.*

As relief, Morgan seeks compensatory and punitive damages.   (ECF No. 7 at 9).   He asserts that he was not in constant pain in his back, hip, knees, and shoulder or in mental duress prior to his arrest.

## II.     LEGAL STANDARD

Under § 1915A, the Court is obligated to screen the case prior to service of process being issued.   The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather

than to vindicate a cognizable right.   *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987).   A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'"   *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).   This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."   *Jackson*, 747 F.3d at 544 (cleaned up).   However, the complaint must still allege specific facts sufficient to support a claim.   *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.    DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States.   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

### A.   City of Fayetteville

No allegations are made against the City of Fayetteville.[2]   All the remaining Defendants

[2] Morgan has already been directed to amend his Complaint.   The Order (ECF No. 3) was explicit in advising Morgan that he must allege how each named Defendant violation his federal constitutional rights.   It is Morgan's Amended

are either employed at the WCDC or work there pursuant to a contract for the provision of services. No plausible claim is stated against the City of Fayetteville.

## B.   WCDC Officers

Although Morgan lists Sergeant Sears, Lieutenant Arnold, and Corporal Mulvaney as being Defendants involved in the alleged constitutional violations, Morgan does not describe any actions taken by these Defendants.   Liability under § 1983 requires personal involvement in the constitutional violations.   *Ashcroft v. Iqbal*, 566 U.S. 662, 676 (2009) (a plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights").   No plausible individual capacity claims are stated against Sergeant Sears, Lieutenant Arnold, and Corporal Mulvaney.

## C.   Official Capacity Claims / Washington County

KCH[3]  is presumably an independent contractor providing medical care to detainees at the WCDC.   "A municipality remains subject to liability if its failure to adequately train or supervise medical personnel was the moving force behind a constitutional violation even though the medical personnel were employed by an independent contractor."   *Olson v. Sherburne Cnty.*, No. CIV 07-4757, 2009 WL 3711548, *6 (D. Minn. Nov. 3, 2009) (citing *Crooks v. Nix*, 872 F.2d 800, 803-04 (8th Cir. 1989)).   The WCDC's duty to provide medical care to inmates is not delegable.   *West v. Atkins,* 487 U.S. 42, 56 (1988) ("Contracting out prison medical care does relieve the [county] of its constitutional duty to provide adequate medical treatment to those in its custody, and it does

---

Complaint (ECF No. 7) that is currently before the Court.
[3] Karas Health Care.

not deprive the [county]'s prisoners of the means to vindicate their Eighth Amendment rights"). Morgan has adequately alleged a plausible official capacity claim against Washington County.

The official capacity claim against Corporal Mulvaney will be allowed to proceed. It would be redundant to allow the official capacity claims to proceed against Sergeant Sears and Lieutenant Arnold. For this reason, all claims against Sergeant Sears and Lieutenant Arnold should be dismissed.

## IV. CONCLUSION

For these reasons, it is recommended that:

(1) all claims against the City of Fayetteville be dismissed and it be terminated as a party;

(2) all claims against Lieutenant Arnold and Sergeant Sears be dismissed and they be terminated as parties;

(3) the individual capacity claims against Corporal Mulvaney be dismissed.

By separate Order the Amended Complaint (ECF No. 7) will be served on the remaining Defendants.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 2nd day of August 2021.

/s/ *Mark E. Ford*

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

6